The Honorable Jim Keet State Senator P.O. Box 23603 Little Rock, AR 72221-3603
Dear Senator Keet:
This is in response to your request for an opinion on the following question:
 Under Arkansas law, must a county assessor solicit bids under A.C.A. § 14-22-102 prior to entering into a contract with a person, firm or corporation for the reassessment of property values for a county and for lowering tax purposes?
It is my opinion that the answer to this question is probably "no." Solicitation of bids is probably not required for the county's reassessment of property values.
Please note that I have enclosed a copy of Attorney General Opinion 90-037, which addressed this precise question. It was concluded therein that the solicitation of bids is not required in that instance because the reassessment of property values would in all likelihood be deemed to constitute "personal services," which are exempt from the bidding requirements. Op. Att'y Gen. 90-037 at 1, citing Op. Att'y Gen. 90-030. Arkansas Code Annotated § 14-22-104 (1987) requires formal bidding as a prerequisite to the purchase of "commodities" where the estimated purchase price exceeds five thousand dollars. The definition of "commodities" excepts "personal services." A.C.A. § 14-22-101(2) (1987).
I agree with the conclusion reached in Opinion 90-037 that the reassessment of property values in all likelihood falls within the exception for "personal services." As noted in Opinion90-030, the term "personal services" is not defined under §14-22-101, nor do we have the benefit of an Arkansas case directly on point. A judicial ruling may therefore be necessary in order to make a conclusive determination.[1] General authority in this area would, however, as discussed in Opinions90-030 and 90-037, seem to support the proposition that the reassessment of property values falls within those services requiring special skills, training, expert knowledge and business judgment, such that the "personal services" exemption will apply.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] It should perhaps be noted, as stated in Opinion 90-030 at 3, that the county purchasing official is specifically authorized under A.C.A. § 14-22-115 (1987) to seek the advice and aid of the prosecuting attorney or employ counsel for advice and aid in connection with the purchasing laws.